UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HENRY FROMETA GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES G. COX, *et al.*,<br><br>Defendants. | 3:15-cv-00588-MMD-VPC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss plaintiff's complaint (ECF No. 23), plaintiff's opposition and cross-motion for summary judgment (ECF Nos. 28, 29),[1] and defendants reply (ECF No. 31). For the reasons stated below, the court recommends that defendants' motion to dismiss (ECF No. 23) be granted and plaintiff's cross-motion for summary judgment (ECF No. 29) be denied.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Henry Frometa Gonzalez ("plaintiff") is formerly an inmate in the custody of the Nevada Department of Corrections ("NDOC"). The events that give rise to this action transpired when plaintiff was housed at High Desert State Prison ("HDSP"). Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights claim against NDOC and HDSP officials.

According to plaintiff's complaint (ECF No. 15), the alleged events giving rise to his claim are as follows. Plaintiff filed multiple kites and grievances about a miscalculation of his sentence and about his refusal to go on parole. (*Id.* at 4-5.) On October 2, 2012, plaintiff was put on parole against his will and before he could complete the grievance process. (*Id.* at 6.) Plaintiff did not

---

[1] ECF Nos. 28 and 29 are identical documents, and they will be referred to collectively as ECF No. 29.

1  report to parole and probation upon his release. (*Id.*) Plaintiff was arrested on October 4, 2012, 2  and spent five days in jail, for unpaid traffic tickets. (*Id.*) Even though plaintiff violated his parole, 3  it was not revoked. (*Id.*) According to plaintiff, parole and probation would not revoke his parole 4  because they needed plaintiff to be charged with another offense while still on parole to prevent 5  plaintiff from filing a claim for false imprisonment. (*Id.*) Instead, plaintiff would have to file a 6  habeas corpus claim with the state court. (*Id.*) Prison officials and parole and probation knew that 7  plaintiff would have a difficult time recovering for his injuries in a habeas corpus proceeding. (*Id.*) 8  Plaintiff alleges that defendants put him on parole to prevent him from exhausting his grievances 9  and to deter and chill his speech. (*Id.*)

10  Plaintiff filed his initial complaint (ECF No. 1-1) on December 3, 2015. On April 25, 2016, 11  the District Court screened plaintiff's complaint allowing plaintiff to proceed with his First 12  Amendment retaliation claim against defendants. (ECF No. 5 at 6.) On September 8, 2016, 13  defendants filed a motion to dismiss this action. (ECF No. 23.) This report and recommendation 14  follows.

## II.     LEGAL STANDARDS

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light

most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

### III.     DISCUSSION

Defendants Cox, Fierro, and McKew move for dismissal of the complaint on the basis that plaintiff's First Amendment claim is barred by the two-year statute of limitations applicable to claims brought under 42 U.S.C. § 1983. (*See* ECF No. 23.)

Since 42 U.S.C. § 1983 contains no statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims to determine whether a complaint is timely filed. *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000). Therefore, in Nevada, the statute of limitations for section 1983 actions is two years. *See* Nev. Rev. Stat. § 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989), *cert. denied*, 493 U.S. 860 (1989). Under the applicable statute of limitations, plaintiff had two years from the time of the alleged injury to commence the instant suit. *Id.* An action is deemed to be commenced when the complaint is filed. *Id.*

Plaintiff alleges, and defendants agree, that his alleged injuries occurred, at the latest, on October 2, 2012, when he was put on parole. (*See* ECF Nos. 15, 23, 29.) Therefore, plaintiff knew or had reason to know of the injury on October 2, 2012. *See Kimes*, *v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). The statute of limitations provided plaintiff until October 2, 2014, to file his claim. Plaintiff filed his initial complaint on December 3, 2015. (ECF No. 1-1.) Thus, plaintiff missed the deadline by over a year.

In response to defendants' motion to dismiss, plaintiff disputes that he filed his initial complaint after the applicable statute of limitations had expired. (*See* ECF No. 29.) Plaintiff appears to argue that equitable tolling should be applied to his claim, as he "started this claim on 1/27/2013… and then continue[d] the same claim on a habeas corpus that was appealed up to the Supreme Court of the United States and was denied on 10/5/2015." (*Id.* at 3.) However, the court

1  is not persuaded that equitable tolling is appropriate.  Based on the record, it appears that the claims
2  plaintiff is referring to were related to Eighth and Fourteenth Amendment claims,[2] not the First
3  Amendment retaliation claim at issue in the instant case.  (*See* ECF No. 15, 29).  Because plaintiff
4  has presented no evidence that he was diligently pursuing his First Amendment retaliation claim or
5  that some unusual or extraordinary circumstance prevented him from timely filing, equitable tolling
6  is not appropriate.  *See Wallace v. Kato*, 549 U.S. 384, 396 ("Equitable tolling is a rare remedy to
7  be applied in unusual circumstances, not a cure-all for an entirely common state of affairs"); *see
8  also Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (Equitable tolling is warranted "when
9  extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on
10 time").  Therefore, based on the applicable two-year statute of limitations, plaintiff's alleged
11 injuries are time-barred.  Accordingly, defendants' motion to dismiss should be granted.

Finally, it should be noted that defendant Michael Fletcher has yet to be served in this action.  (*See* ECF No. 34.)  However, because plaintiff's claim is barred by the statute of limitations, his complaint should be dismissed in its entirety, including as it relates to defendant Fletcher.

### IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that defendants' motion to dismiss (ECF No. 23) be granted, the complaint (ECF No. 15) be dismissed in its entirety, and plaintiff's cross-motion for summary judgment (ECF No. 29) be denied.

The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

---

[2] Plaintiff appears to have included the Eighth and Fourteenth Amendment claims in his complaint, but they were dismissed by the District Court.  (*See* ECF Nos. 15, 5.)

4

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### V.      RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the defendants' motion to dismiss (ECF No. 23) be **GRANTED,** and the complaint (ECF No. 15) be **DISMISSED** in its entirety.

**IT IS FURTHER RECOMMENDED** that plaintiff's cross-motion for summary judgment (ECF No. 29) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**: November 29, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**